

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL ALVARENGA-GARCIA, a.k.a. Ismael Antonio Rivera,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71042<br><br>Agency No. A095-012-958<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Ismael Alvarenga-Garcia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order reinstating removal

proceedings and dismissing his appeal from an immigration judge's decision

denying his application for withholding of removal and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Alvarenga-Garcia's CAT claim because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to consider Alvarenga-Garcia's contentions related to political opinion. *See id.* Alvarenga-Garcia does not otherwise challenge the BIA's denial of his withholding of removal claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We reject Alvarenga-Garcia's claim that the BIA violated his due process rights by reinstating his removal proceedings without providing him with notice and an opportunity to request review of his eligibility for Temporary Protected Status ("TPS") because he failed to establish prejudice. *See* 8 U.S.C. § 1254a(c)(2)(B)(i) (having two or more misdemeanor convictions renders alien ineligible for TPS); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**